**SHU–MIN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–40517–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Joan Xie, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama; Katharine J. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Shu–Min Lin, a native and citizen of the People's Republic of China, seeks review of an August 15, 2003 order of the BIA affirming the February 6, 2002 decision of Immigration Judge ("IJ") Paul L. Johnston denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Shu Min Lin,* No. A 77 283 192 (B.I.A. Aug. 15, 2003), *aff'g* No. A 77 283 192 (Immig. Ct. N.Y. City Feb. 6, 2002). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (denying the petition, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

▪ Substantial evidence supports the BIA's and IJ's adverse credibility determinations. Lin testified that he owned a book store that sold Falun Gong books and magazines, and that the Chinese government had closed the store. That testimony is inconsistent with evidence reflecting that his father was sole owner of the shop, or co-owner.

His airport statement does not say that the Chinese government was pursuing him due to his sale of Falun Gong books, a material omission. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

The IJ found it was implausible that the authorities would not have arrested the employee who was present at the book store when the Falun Gong books were discovered. The State Department Report indicates that, since 1999, the practice of Falun Gong or the possession of its literature was punished by a range of punishment including loss of employment and imprisonment, and that Falun Gong members who distribute publications could receive prison sentences of three to seven years. Additionally, the IJ found it implausible that the authorities would raid Lin's store three weeks *prior* to implementing the ban on Falun Gong materials in July 1999, in the absence of any coherent testimony or evidence that the authori-

ties carried out such raids prior to the ban. These implausibilities support the adverse credibility findings. *See Secaida–Rosales,* 331 F.3d at 308.

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, or the likelihood of torture, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003); *see also Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

■ Finally, we lack jurisdiction to review any arguments regarding Lin's illegal departure claim because such arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1).

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).